Considered by MORRIS, MURDOCK, and SIEFKIN.

---

HAMMOND L. KINGTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. W. KINGTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

O. M. KINGTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. W. E. DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE M. KINGTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. W. JONES, ADMINISTRATOR, ESTATE OF MRS. E. W. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. J. RIES TRATHEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. OMER J. OATES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8216, 8217, 8409, 8219, 8392, 8218, 8270, 8393.    Promulgated October 24, 1927.

1. The fair market price or value of certain shares of stock at March 1, 1913, determined.

2. Liquidating dividends properly credited with prorated amounts of Federal taxes due by a dissolved corporation in the years in which such tax was paid.

*E. J. Wells, Esq.,* for the petitioners.
*L. C. Mitchell, Esq.,* for the respondent.

The Commissioner has asserted deficiencies and penalties for the years 1920, 1921, and 1922, as follows:

|  |  | 1920 | 1921 | 1922 |
|---|---|---|---|---|
| Hammond L. Kington | {Tax | $1,713.19 | | |
| | {Penalty | 428.35 | | |
| W. W. Kington | Tax | 4,885.39 | } $476.70 | $955.86 |
| O. M. Kington | {Tax | 1,786.20 | | |
| | {Penalty | 74.21 | 1.12 | 6.53 |
| Mrs. W. E. Davis | {Tax | 296.86 | 4.46 | 28.13 |
| | {Penalty | 56.32 | 1.12 | 6.76 |
| George M. Kington | {Tax | 225.27 | 4.46 | 27.04 |
| | {Penalty | 56.32 | 1.12 | 6.53 |
| E. W. Jones (Administrator) | {Tax | 225.27 | 4.46 | 26.13 |
| | {Penalty | 74.21 | 1.12 | 6.53 |
| Mrs. J. Ries Trathen | Tax | 296.85 | 4.46 | 26.13 |
| Mrs. Omer J. Oates | Tax | 1,700.16 | | |

Three issues are involved: (1) Value, per share, of certain stock at March 1, 1913; (2) deductibility of taxes for previous years from liquidating dividends; and (3) whether the penalties asserted were properly imposed. The proceedings were consolidated for hearing and decision.

#### FINDINGS OF FACT.

The petitioners are all individuals residing at different places within the United States. Prior to March 1, 1913, they acquired stock of the Kington Coal Co. in the following amounts: Hammond L. Kington, 10 shares; W. W. Kington, 30 shares; O. M. Kington, 10 shares; Mrs. W. E. Davis, 10 shares; George M. Kington, 10 shares; E. W. Jones, Administrator, 10 shares; Mrs. J. Ries Trathen, 10 shares; Mrs. Omer J. Oates, 10 shares. The value of such stock at March 1, 1913, was greater than cost.

On January 15, 1920, the petitioner, W. W. Kington, purchased the stock interest of petitioners Hammond L. Kington, O. M. Kington, and Mrs. Omer J. Oates, and paid each therefor, the amount of $35,000, or a total of $105,000. Some time in 1920, the Kington Coal Co. began the liquidation of its assets, and completed the same in 1922. Petitioners received liquidating dividends in each of the taxable years in the years and amounts below:

|  | 1920 | 1921 | 1922 |
|---|---|---|---|
| W. W. Kington | $128,710 | $27,943.80 | $50,704.25 |
| Mrs. W. E. Davis | 22,035 | 5,546.00 | 8,412.56 |
| George M. Kington | 22,035 | 5,546.00 | 8,412.56 |
| E. W. Jones (Administrator) | 22,035 | 5,546.00 | 8,412.56 |
| Mrs. J. Ries Trathen | 22,035 | 5,546.00 | 8,412.56 |

At the date of liquidation there was outstanding assessment of Federal income and profits taxes against the Kington Coal Co. in the amount of $10,874.41. No part of such assessment was paid in 1920. When paid the Commissioner credited proportionate parts of such assessment to the petitioners, who received liquidating dividends in 1921 and 1922.

The Kington Coal Co. was incorporated in 1907, with an authorized capital of $100,000, divided into 100 shares of the par value of $1,000 each. At the date of incorporation all the stock was issued to W. W. Kington in exchange for title in fee to 1,113 acres of coal land and for a lease of the coal in 319.8 acres. Subsequently, but prior to March 1, 1913, it acquired, without cost, a lease on the coal of 289 acres. The original coal content of this land was 5,000 tons of coal per acre, or a total of 8,609,000. The tonnage mined in 1909 was 90,130; in 1910, 183,618; in 1911, 206,044; in 1912, 241,120; and in 1913, 201,483. At January 1, 1913, the unmined coal content of the land was 7,888,088 tons. The fair value of the lands and leases here involved at March 1, 1913, was $175,000.

The properties acquired by the Kington Coal Co. at the date of incorporation were wholly undeveloped. Prior to March 1, 1913, the company opened up two mines, built a railway track 4 miles in length, constructed 68 substantial 3-room tenement houses for mine workers, erected a tipple and other structures necessary to the operation of its mines, and installed mining and hoisting equipment. The cost of such development and construction work was not less than $120,277.47. The equipment was modern and up to date in every way, and consisted of engines, boilers, generators, electrical haulage, adequate hoistage facilities, and compressed-air mining machinery. At March 1, 1913, the mines of the company were producing coal at the rate of 1,000 to 1,500 tons daily. The net operating income of the company for the years 1910, 1911, 1912, and 1913, as disclosed in its tax returns for such years, was $17,039.01, $18,049.86, $19,613.60, and $26,575, or a total of $81,277.47. All previously earned operating net profits remained in surplus at March 1, 1913. On that date there was a bond issue outstanding in the amount of $55,000, and accounts and bills payable in the amount of $67,974.68. At the same date there were asset items other than land, plant and equipment, with a book value of $38,254.32.

Upon audit of the income-tax returns of the several petitioners for the taxable years, the Commissioner found that the value of the stock of the Kington Coal Co. at March 1, 1913, was $1,724.54 per share, determined the deficiencies, and imposed the penalties here in controversy.

The fair market value or price of the stock of the Kington Co. at March 1, 1913, was $190,000 or $1,900 per share.

OPINION.

LANSDON: In the light of all the evidence, and, giving due consideration to depreciation and depletion accrued prior thereto, we are of the opinion that the value of the property of the Kington Coal

Co. at March 1, 1913, was $190,000, and that the fair market price or value of the shares in question at that date was $1,900 each.

At the date of the liquidation here involved there was an outstanding assessment of Federal income and profits taxes for the year 1918 against the Kington Coal Co. in the amount of $10,874.41. It is agreed that no part of this assessment was paid in 1920. The petitioners aver that their respective liquidating dividends, received in 1920, should have been credited with prorated amounts of such assessment. The respondent has allowed such credits as deductions from income resulting from receipt of liquidating dividends received in 1921 and 1922. Petitioners introduced no evidence on this point and the determination of the respondent therefore is not disturbed.

Certain penalties for delinquency were imposed by the respondent. The petitioners introduced no evidence to show that such penalties were improperly added to the deficiencies in taxes. The imposition of a penalty of 25 per cent of the recomputed deficiencies of the petitioners who failed to make income-tax returns for the taxable years is approved.

In his brief, counsel for the petitioners argues that inasmuch as the Commissioner of Internal Revenue had determined the value of certain assets owned by the Kington Coal Co. at March 1, 1913, and, as such determination had become an element in the computation of tax liability for 1917, a successor of that Commissioner was without authority to determine any different value. The pleadings are silent on this point, and therefore, it is not in issue here.

*Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by GREEN and ARUNDELL.